UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. 2:20-cv-01076-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| SHANE ALDERSON, et al., | |
| Defendants. | |

Plaintiff is a county inmate who filed a civil rights complaint pursuant to 42 U.S.C. § 1983 along with an application to file all documents in the case under seal. ECF No. 1. The court denied plaintiff's request to seal and returned the complaint with all accompanying documents that contained plaintiff's identifying information. Plaintiff was instructed that he could file an amended complaint on the publicly accessible court docket within 21 days from the date of the court's order. ECF No. 2.

Plaintiff has now filed a motion to proceed under the pseudonym of "John Doe." ECF No. 4. The pending motion also requests that any documents containing his real name be filed under seal. ECF No. 4. For good cause shown and for the reasons explained herein, the court will grant plaintiff's motion to proceed as "John Doe."

In the motion, plaintiff asserts that his status as a sex offender exposes him to a risk of violence and he alleges that "he is in genuine fear of great bodily injury or death from the public knowledge of his specific sex offender offenses and background." Specifically, plaintiff indicates that he was assaulted in both 2005 and in 2018 by individuals who discovered his sex offender status. It appears to the court that these incidents occurred once plaintiff was released from

custody. Without disclosing the specific case name or number, the court is also aware that plaintiff is due to be released from his present place of confinement in July 2020.

The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). A plaintiff has also been allowed to proceed anonymously when challenging a sex offender registration statute which is similar to the case at bar in which plaintiff seeks to challenge his sex offender parole conditions. See Doe I v. Otte, 259 F.3d 979, 983 (9th Cir. 2001), rev'd on other grounds by Smith v. Doe, 538 U.S. 84 (2003). In this case, the court has weighed the factors identified in Does I thru XXIII and determined that the potential for physical harm to plaintiff and the lack of any demonstrable prejudice to defendants outweigh the public's interest in knowing plaintiff's true identity.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed under the pseudonym "John Doe" is granted. The motion itself and all accompanying documents are ordered to be filed under seal.
2. Plaintiff's request to file under seal any document revealing plaintiff's true identity is also granted. All parties in this action shall file any documents bearing plaintiff's true identity under seal in this matter. To the extent that plaintiff's true identity can be protected through redaction alone, documents must be redacted instead of sealed.
3. Any party in this civil action may review the sealed documents and may only reveal plaintiff's true identity (or any information or distinguishing characteristics which could lead to revealing plaintiff's true identity) to attorneys litigating this case on their behalf.
4. All future pleadings in this case shall be filed under the case caption "John Doe v. Shane Alderson, et al." with the appropriate case number.
5. In light of plaintiff's pro se status, his identifying information will be retained by the Clerk's Office for purposes of service of process only and will not be viewable on the publicly accessible electronic docket.

6. Plaintiff is hereby granted an extension of time to file an amended complaint that complies with the terms of this order.

7. Within 30 days from the date of this order, plaintiff may file an amended complaint in this action. Failure to do so within the time provided will result in this case being administratively closed based on plaintiff's failure to properly commence a civil action.

8. The court will not rule on any additional motions filed by plaintiff UNLESS AND UNTIL a complaint is filed in this case.

9. The Clerk of Court is directed to send plaintiff a one-time courtesy copy of the docket in this matter.

Dated: June 16, 2020

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jd1076.motion.docx