UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. 2:20-cv-01076-CKD |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| SHANE ALDERSON, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff challenges 36 special conditions that were added to his parole on December 19, 2019 by his parole officer who is the named defendant in this action. ECF No. 7 at 5. Plaintiff does not challenge the special parole conditions that led to his most recent parole revocation, avoiding a Heck bar. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). It is plaintiff's contention that the special parole conditions for his prior sexual offenses are no longer required because he has not committed any new sex offense within the last 19 years. ECF No. 7 at 7. By imposing these special parole conditions, defendant is alleged to have violated plaintiff's Fourteenth Amendment right to substantive due process. ECF No. 7 at 14. In a separate cause of action, plaintiff alleges a First Amendment violation of his right to free speech based on the special parole condition that prohibits his use of social media and social networking sites on the internet. Id. at 15. By way of relief, plaintiff seeks compensatory damages and injunctive relief

prohibiting enforcement of the special conditions of his parole.  ECF No. 14 at 17.

### III.     Motion for a Temporary Restraining Order

In a motion for a temporary restraining order, plaintiff seeks to restrain defendant Alderson from enforcing any of the special conditions of parole.  ECF No. 10.  Specifically, plaintiff challenges the enforceability of Special Condition #84 that prohibits him from using any social media websites, alleging violations of his First Amendment right of free speech and his Fourteenth Amendment right to due process.  Id. at 3-4.  On September 2, 2020, plaintiff filed an addendum to his motion indicating that he is scheduled to be released on parole on September 23, 2020 under the same special conditions which he is challenging in the present lawsuit.  ECF No. 14.

### IV.     Legal Standards

The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted Section 1983, deserve absolute protection from civil liability.  Buckley v. Fitzsimmons, 509 U.S. 259, 268-69 (1993).  This immunity extends to individuals performing functions necessary to the judicial process.  Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003).  In determining whether absolute immunity applies to a defendant, the court looks at the functions that the government official performs rather than the specific title that he or she holds.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc).  Parole officials are entitled to absolute immunity for actions they take that are quasi-judicial in nature, such as the "'imposition of parole conditions' and the 'execution of parole revocation procedures….'"  Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004); Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir. 1983), Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981).  Determining what specific parole conditions to apply also fall within a parole agent's quasi-judicial function.  Anderson, 714 F.2d at 909 (citing Morrissey v. Brewer, 408 U.S. 471, 478 (1972)).  The exception to this rule applies when a parole officer is acting in a law enforcement capacity while issuing an arrest warrant or investigating a possible parole violation.  Swift, 384 F.3d 1191.  However, absolute immunity does not bar an action against a state official for injunctive relief.  See Thornton v. Brown, 757 F.3d 834 (9th Cir. 2014)

1  (finding that absolute immunity does not bar claims against parole officer for allegedly imposing
2  unconstitutional parole conditions on plaintiff); Buckwalter v. Nev. Bd. of Med. Exam'rs, 678
3  F.3d 737, 747 (9th Cir. 2012) (stating that "[a]bsolute immunity is not a bar to injunctive or
4  declaratory relief.").

5      A temporary restraining order is an extraordinary and temporary "fix" that the court may
6  issue without notice to the adverse party if, in an affidavit or verified complaint, the movant
7  "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
8  before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).  The
9  purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See
10 generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L.R. ("Local Rule") 231(a).  It is the practice of
11 this district to construe a motion for temporary restraining order as a motion for preliminary
12 injunction.  See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing
13 that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary
14 injunctions' ") (citations omitted).  "The proper legal standard for preliminary injunctive relief
15 requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer
16 irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,
17 and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127
18 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal
19 quotations omitted).  The Ninth Circuit's sliding-scale test for a preliminary injunction has been
20 incorporated into the Supreme Court's four-part Winter's standard.  Alliance for Wild Rockies v.
21 Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed
22 a stronger showing of one element to offset a weaker showing of another element).  "In other
23 words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the
24 plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test
25 are also met." Alliance, 632 F.3d at 1131-32 (citations omitted).

26    **V.**    **Analysis**

27     Plaintiff's claims against defendant Alderson stem from the decision concerning which
28 special parole conditions to impose on plaintiff, not from defendant's decision to issue a parole

4

hold or to request plaintiff's arrest for violating other conditions of his parole. As a result, defendant Alderson is entitled to absolute immunity for his quasi-judicial decisions in choosing what special parole conditions to impose. See Swift, 384 F.3d at 1189. Therefore, plaintiff's claims for monetary damages against defendant Alderson are barred by absolute immunity. The undersigned recommends dismissing these claims without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The only cognizable claims for relief that remain are plaintiff's First and Fourteenth Amendment claims seeking injunctive relief against defendant Alderson to prevent him from re-imposing the 36 special conditions that are challenged in the instant action. For screening purposes, the court will order that this case proceed with respect to only those claims. 28 U.S.C. § 1915A(a).

Because plaintiff's motion for a temporary restraining order is inextricably intertwined with the merits of the § 1983 complaint, the court will serve defendant Alderson with the motion at the same time that he is served with the complaint. In addition, the court will require defendant Alderson to file a response to the motion for a temporary restraining order within 30 days after service of process. Plaintiff may file a reply within 14 days of service of defendant's response to the motion for a temporary restraining order. The motion will be deemed submitted upon receipt of the parties' briefs on the matter or the expiration of the time for filing such briefs.

**V.      Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In this case, the undersigned finds that plaintiff's claims for monetary damages against his parole agent are barred as a matter of law by absolute immunity. Therefore, granting leave to amend would be futile. For this reason, the undersigned recommends denying plaintiff leave to amend his First and Fourteenth Amendment claims seeking monetary damages.

**VI.    Additional Motions**

Plaintiff has also filed a motion to seal the court orders issued June 4, 2020 and June 17, 2020 because, according to plaintiff, they contain his real name. However, a review of the publicly accessible court docket reflects that plaintiff is only identified as "John Doe." Therefore, the court will deny this motion as unnecessary.

As part of this same motion, plaintiff requests permission to use the court's electronic case management/filing system ("CMECF") upon his release from custody on September 23, 2020. Plaintiff also cites the fact that he was granted permission to use CMECF in another pending case. The court will grant plaintiff's request on a limited trial basis starting on September 23, 2020 or on plaintiff's release from incarceration, whichever comes earlier. Plaintiff is cautioned that the court reserves the right to revoke his status as a CMECF user if he abuses the privilege by filing repetitious or frivolous motions.

**VII.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your claims for monetary damages be dismissed without leave to amend and that your complaint be served on defendant Alderson only with respect to your request for injunctive relief. The court is also requiring defendant Alderson to file a response to your motion for a temporary restraining order. If you disagree with the recommendation to dismiss the claim for monetary damages, you have 21 days to explain why it is not the correct result. You should label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this matter to a district court judge.

2. Plaintiff's motion to seal the court orders (ECF No. 9) is denied as unnecessary as plaintiff is only identified as "John Doe" on the publicly-accessible docket.

3. To the extent that plaintiff's motion to seal also requests permission to use the court's electronic case management/filing system ("CMECF"), this request is granted on a limited trial basis starting on September 23, 2020 or on plaintiff's release from incarceration, whichever comes earlier.

4. Service is appropriate for defendant Shane Alderson, a Parole Agent with the California Department of Corrections and Rehabilitation's Division of Adult Parole.

5. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 4 above;

    d. Two copies of the complaint;

    e. Two copies of the motion for a temporary restraining order; and,

    f. Two copies of this screening order.

7. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

8. Defendant Alderson is ordered to file a response to the motion for a temporary restraining order (ECF No. 10) within 30 days after being served with the complaint and motion. Plaintiff may file a reply within 14 days of service of defendant's response to the motion for a temporary restraining order. The motion will be deemed submitted upon receipt of the parties briefs or the expiration of the time for filing such briefs.

     IT IS FURTHER RECOMMENDED that plaintiff's claims against defendant Alderson for monetary damages be dismissed without leave to amend because defendant is immune from such relief.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 21, 2020

                                                CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

12/doe1076.F&R+TRO.docx

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JOHN DOE,                                  No. 2:20-CV-01076-CKD

12        Plaintiff,

13   v.                                         NOTICE OF SUBMISSION

14   SHANE ALDERSON,                            OF DOCUMENTS

15        Defendant.

16

17       Plaintiff submits the following documents in compliance with the court's order filed
18   _____:
19       ____      completed summons form
20       ____      completed USM-285 form
21        2        copies of the first amended complaint
22        2        copies of the 6/26/20 motion for a temporary restraining order.
23        2        copies of the court's screening order dated _____.
24   DATED:
25
26
27                                                    _____
                                                      Plaintiff
28

9