UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON, | No. 2:20-cv-01076-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND AMENDED |
| G. VIERA ROSA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On May 21, 2021, the undersigned issued Findings and Recommendations to grant plaintiff's motion for a temporary restraining order only with respect to Special Condition Number 12 of his current parole terms. ECF No. 51. Defendant filed objections to these Findings and Recommendations. ECF No. 57. On June 18, 2021, defendant filed a Supplemental Opposition to plaintiff's motion that contained new evidence. ECF No. 58. In light of defendant's objections, the court will vacate the May 21, 2021 Findings and Recommendations and consider the new evidence. After considering the entire record, the court remains of the view that plaintiff's motion should be granted, in part, and denied in part.

/////

1

**I.      Plaintiff's Motion for a Temporary Restraining Order**

The operative complaint in this proceeding was filed on June 26, 2020. The court screened plaintiff's complaint and concluded that defendant was immune from the claims seeking monetary damages. See ECF No. 15 at 4-5. These claims were dismissed without leave to amend by order dated January 29, 2021. ECF No. 29. Therefore, this case is proceeding on plaintiff's First and Fourteenth Amendment claims against defendant Rosa for injunctive relief challenging 36 out of 56 special conditions of his parole. ECF No. 29

On the same day that he filed his complaint, plaintiff also filed a motion for a temporary restraining order ("TRO") to prevent defendant from enforcing the challenged special conditions upon plaintiff's release from custody. ECF No. 10. The motion challenged the special conditions that were signed on August 5, 2019. See ECF No. 46 at 61-66. However, these special conditions of parole were superseded by new parole terms signed by plaintiff on September 23, 2020.[1] Based on the parties' briefs, it appears to the court that the September 23, 2020 parole conditions are still in effect with the exception of the removal of Special Condition Numbers 55-56. See ECF No. 48 (Notice of Change in Circumstances). Therefore, the court will limit its discussion of the parties' briefs to the relevant special conditions still in effect and will refer to each special condition by the number listed in the form signed on September 23, 2020.[2] See ECF No. 40-2 at 6-10.

As a general matter, plaintiff contends in his TRO motion that the special conditions are not justified based on his "decades old sex offense convictions and that they do not promote the goals of public safety and deterrence." ECF No. 10 at 8. Plaintiff alleges that their arbitrary imposition violates his Fourteenth Amendment substantive due process rights. ECF No. 10 at 18. To demonstrate this, plaintiff indicates that his most recent conviction for any sexual offense occurred over 20 years ago. ECF No. 10 at 10. Plaintiff was convicted of felony indecent exposure in 2001, sexual battery in 1987, and misdemeanor indecent exposure in 1986. Id. None

---

[1] There are a total of 40 special parole conditions listed in the September 23, 2020 parole form.
[2] For this reason, the court limits its description of plaintiff's TRO motion to the general legal argument contained therein and focuses on the specific parole conditions challenged in plaintiff's reply as it relates to the September 23, 2020 parole terms.

2

of these convictions involved a minor victim.  ECF No. 46 at 75.  Notably, the conviction that led to plaintiff's placement on parole was a conviction for obstructing or resisting an executive officer.  ECF No. 10 at 23; see also Cal. Penal Code § 69.  Plaintiff alleges that "[n]one of the special conditions of parole at issue here are reasonably related to future criminality…, but are rather blanket prohibitions imposed categorically based on plaintiff's status as a P.C. 290 registrant; the precise opposite of 'narrowly drawn' and 'specifically tailored' conditions required when constitutional rights are infringed upon."  ECF No. 10 at 19, 24.

By way of opposition to the TRO motion,[3] defendant contends that plaintiff is required to comply with two of the special conditions as a matter of state statute.  See Cal. Penal Code § 290.  Thus, even if these conditions were removed, plaintiff would still be required to comply with them.  As a result, plaintiff cannot demonstrate that he will suffer any irreparable harm if these conditions are not immediately removed.  ECF No. 40 at 6.  Defendant further asserts that the remaining special conditions have a nexus to plaintiff's prior sex crimes or are needed to prevent his recidivism as evidenced by a declaration from plaintiff's former parole agent, S. Alderson.[4]  ECF No. 40-1 (Declaration of S. Alderson).  Thus, they are not "arbitrary and oppressive" and plaintiff's motion for a TRO should be denied.  ECF No. 40 at 6.

In his reply, plaintiff indicates that he is challenging 21 of the 40 special parole conditions imposed on September 23, 2020, which he concedes are his current parole terms.  ECF No. 46 at 14, 43.

With respect to the special conditions that overlap state statutory requirements, plaintiff argues that they should not apply because he was discharged from CDCR custody and placed on parole for an offense that does not require sex offender registration.  ECF No. 46 at 28-29.

Specifically, plaintiff challenges special condition number 12 which prohibits dating or forming a romantic relationship with any person who has minor children, based on the Ninth

---

[3] The court excludes the portions of defendant's opposition that relate to special conditions that are no longer in effect.  Likewise, the court deems defendant's argument challenging personal jurisdiction to be moot based on the request to substitute G. Viera Rosa for defendant Alderson.
[4] The court did not consider any of the information related to plaintiff's arrests that did not lead to conviction(s).

3

Circuit's decision in United States v. Wolf Child, 699 F.3d 1082 (2012).  ECF No. 46 at 31. Plaintiff alleges that this condition harms him by preventing him from socializing with adult females and even his daughter and step-daughter, both of whom have physical custody of a minor child.  ECF No. 46 at 45, 88-90.

According to plaintiff, the four special conditions that relate to travel (Nos. 19-22) make it more difficult for him to obtain employment.  ECF No. 46 at 46.  With respect to special condition number 23, which requires pre-approval of any employment, plaintiff argues that this prevents him from doing day labor jobs or employment in his trained field of heating and air conditioning repair.  ECF No. 46 at 46.  While plaintiff indicates discussing his past HVAC training with his former parole agent, he does not indicate any actual employment offer that he received which was not approved.  ECF No. 46 at 79.  Plaintiff indicates that he is "likely to suffer irreparable harm" "due to this special condition."  ECF No. 46 at 81, 83.  Of note, plaintiff last reports being employed in the HVAC field in 2000.  Id.

Plaintiff challenges the special conditions related to his residency (Nos. 24, 27, 28, 30) because they infringe on his freedom of association with others including other convicted sex offenders.  He specifically states that Special Condition No. 24 prevents him from staying at a residential Christian discipleship program in El Dorado County because it does not have the required government permit.  ECF No. 46 at 47.

Rather than follow the current special condition of a curfew from 10 p.m. to 5 a.m. (Special Condition No. 27), plaintiff requests that a TRO issue to prevent the imposition of any curfew.  ECF No. 46 at 32-33.  In support of this request, plaintiff indicates that his curfew prevents him from recycling cans "to gain a modest income."  ECF No. 10 at 15.

In a supplemental opposition filed almost a year after plaintiff's motion, defendant addresses the nexus between Special Condition Number 12 and plaintiff's risk of future criminality.  ECF No. 58.  Defendant submitted evidence that the victim in plaintiff's most recent sex offense from 2001 was a minor.  ECF No. 58 at 2.  Specifically, defendant indicates that the victim of the felony indecent exposure case was a 17 year old female who observed plaintiff from inside her home while plaintiff was located behind a gate.  ECF No. 58 at 2.  Based on this

4

1    evidence, defendant argues that Special Condition Number 12 is necessary to prevent plaintiff
2    from using a relationship with an adult to groom a minor victim. Id.  Additionally, defendant
3    asserts that plaintiff's lengthy criminal history and poor performance on parole justify Special
4    Condition Number 12.  ECF No. 58 at 3.  In an effort to distinguish United States v. Wolf Child,
5    699 F.3d 1082 (9th Cir. 2012), defendant alleges that plaintiff "has previously threatened harm to
6    members of his family." ECF No. 58 at 3.  Finally, defendant asserts that Special Condition
7    Number 12 "need only be modified to permit association with his family members, not removed
8    completely." ECF No. 58 at 3.

9    **II.     Legal Standards**
10   **A. Requirements for a Temporary Restraining Order**
11   A temporary restraining order is an extraordinary and temporary "fix" that the court may
12   issue without notice to the adverse party if, in an affidavit or verified complaint, the movant
13   "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
14   before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).  A
15   preliminary injunction represents the exercise of a far-reaching power not to be indulged except
16   in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir.
17   1964). "A preliminary injunction... is not a preliminary adjudication on the merits but rather a
18   device for preserving the status quo and preventing the irreparable loss of rights before
19   judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).
20   "The proper legal standard for preliminary injunctive relief requires a party to demonstrate
21   'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
22   absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction
23   is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing
24   Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).
25   The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the
26   Supreme Court's four-part Winter's standard.  Alliance for Wild Rockies v. Cottrell, 632 F.3d
27   1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing
28   of one element to offset a weaker showing of another element). "In other words, 'serious

questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted).  A plaintiff "must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).  The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Additionally, this case is governed by the Prison Litigation Reform Act because it was filed while plaintiff was an inmate at the El Dorado County Jail.  As a result, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

**B. Substantive Due Process Standard**

With respect to demonstrating success on the merits of his underlying substantive due process challenge to the special conditions of his parole as being arbitrary and oppressive official action, plaintiff must demonstrate that a government officer abused his or her power or employed it "as an instrument of oppression."  See Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (quoting DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196 (1989). "[T]his guarantee of [substantive] due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 331 (1986) (emphasis in original).  Plaintiff specifically ties his due process claim to provisions of state law that require special conditions of parole regulating conduct that is not criminal to be reasonably related to the crime for which he was convicted or to deter his future criminality.  See ECF No. 7 at 10-11 (complaint) (citing People v. Lent, 15 Cal.3d 481, 486

6

(1975), superseded on other grounds as explained in People v. Moran, 1 Cal.5th 398 (2016)). "A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid." People v. Dominguez, 256 Cal.App.2d 623, 627 (1967) (invalidating a condition of probation that prohibited a woman from becoming pregnant without being married). Importantly, "[i]f available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used...." People v. Smith, 152 Cal.App.4th 1245, 1250-51 (2007) (quoting In re White, 97 Cal.App.3d 141, 144 (1979) (finding "a blanket prohibition against being in a designated area of Fresno 'anytime, day or night'" to be overly broad and unreasonable).

### III. Analysis

Before addressing the substance of plaintiff's TRO motion, the court finds it necessary to narrow the issues presently before the court because the parties have vastly different views on the scope of the issues to be adjudicated.

#### A. Issues Not Before the Court

The parties acknowledge that the special parole conditions at issue when the TRO motion was filed are no longer in effect because they were superseded by new conditions signed on September 23, 2020. See ECF No. 40-2. Some of the original conditions have been removed, some have been modified, and others have been added anew as explained in an appendix filed by plaintiff in reply to defendant's opposition. See ECF No. 46 at 53-57. Despite these changes, plaintiff seeks an order enjoining the enforcement of the non-operative 2019 conditions as well as the operative 2020 special parole conditions because "all it takes is plaintiff[']s being assigned to a new [parole] agent for another set of conditions that could re-impose those removed to again become operative." ECF No. 46 at 27.

The federal court is a court of limited jurisdiction and may only resolve actual "cases" and "controversies." U.S. Const. art. III, § 2. "The absence of either denies a federal court the power to hear a matter otherwise before it." Rivera v. Freeman, 469 F.2d 1159, 1163 (9th Cir. 1972).

The court is not in the business of issuing advisory opinions on matters that are not currently in dispute, but could become issues in the future only if certain conditions change. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (emphasizing that the role of courts "is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution."). The undersigned finds that plaintiff's challenges to the 2019 non-operative special parole conditions are not in controversy at this time and are, therefore, not justiciable. Therefore, the court limits its ruling on plaintiff's TRO motion only to the operative special parole conditions that were signed on September 23, 2020.

The court also notes that two of the challenged special conditions related to plaintiff's use of social media sites have been removed. See ECF No. 48 (Defendant's Notice of Change in Circumstances). Plaintiff will not be required to comply with special conditions number 55 and 56 in light of defendant's concession. Id. Therefore, the undersigned finds that these claims in the TRO motion are now moot. For this reason, the court will not address the First Amendment claims presented in the TRO motion and recommends denying this portion of the motion on mootness grounds.

To the extent that plaintiff references the sex offender and GPS conditions of his parole, the court will not address these because plaintiff's complaint specifically avoided challenging these special conditions in order to avoid a Heck bar. See ECF No. 15 at 2 (screening order); ECF No. 7 at 6 (complaint); see also Heck v. Humphrey, 512 U.S. 477, 487 (1994). Indeed, plaintiff concedes that the GPS terms of his parole are not at issue in the pending TRO motion because his parole was revoked for violating these same conditions. ECF No. 46 at 44.

Likewise, the court understands plaintiff's reply to defendant's opposition to the TRO motion as no longer challenging the special conditions that are redundant to the registration requirements of California Penal Code § 290 through 290.015. See ECF No. 46 at 57 (not labeling these conditions as applicable to the TRO motion). Even if plaintiff challenges these special conditions, the court would not be able to provide any relief from these statutory requirements. Therefore, the court's ruling does not address the registration requirements of

Penal Code § 290.

**B. Issues Before the Court**

For purposes of analysis, the court will utilize the categories of conditions listed in the Special Conditions of Parole signed on September 23, 2020 and will apply the four-part Winter's standard to each category. ECF No. 40-2 at 6-10.

**1. Relationships (Special Condition Nos. 12-13)**

The two special conditions of parole related to plaintiff's relationships include a restriction on "dat[ing], socializ[ing], or form[ing] a romantic interest or sexual relationship with any person you know or reasonably should know has physical custody of a minor." ECF No.40-2 at 6 (Special Condition Number 12). Plaintiff is also required to "inform all persons with whom you have a significant relationship; e.g., dating and/or roommate(s), about your criminal history, and you will inform your parole agent about the relationship." Id. (Special Condition Number 13). While Special Condition Number 12 is a blanket prohibition on any relationships with an adult who has a minor child, Special Condition Number 13 is limited only to those persons with whom plaintiff develops a "significant relationship." According to plaintiff's former parole officer, Special Condition Number 13 was imposed "to protect public safety by ensuring that before someone employs Plaintiff or allows him to live in their home, they are aware of his status as a sex offender, and thus can make an informed decision." ECF No. 40-1 at 5. However, Special Condition Number 12 was added to plaintiff's parole terms beginning in September 2020. Thus, plaintiff's former parole officer did not deem this special condition necessary. See ECF No. 40-1 at 2 (describing the process for selecting special conditions of parole); ECF No. 46 at 62 (2019 Special Conditions only requiring plaintiff to inform individuals with whom he has a significant relationship of his criminal history).

Turning to the requirements for injunctive relief, the court will address each special condition separately. The first requirement for a TRO requires plaintiff to demonstrate that he is likely to succeed on the merits of his substantive due process. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). In order to do this as it relates to Special Condition Number 12, plaintiff cites to United States v. Wolf Child, 699 F.3d 1082 (9th Cir. 2012). In that case, the

Ninth Circuit invalidated a special condition of supervised release which prohibited a probationer from socializing with or dating anybody with children under the age of 18, including his fiancée, without prior written approval from his probation officer. Id. The special condition was substantively unreasonable because it affected a fundamental liberty interest and was not narrowly tailored. "[W]e cannot comprehend how such broad prohibitions, encompassing so many people and circumstances without any narrowing provisions, are reasonably limited to the goals of deterrence, protection of the public, or rehabilitation. These broad conditions entail a greater deprivation of liberty than is necessary to achieve those goals." Wolf Child, 699 F.3d at 1101-02. The same fundamental liberty interest is involved in the present case based on plaintiff's inability to socialize with his own daughter and stepdaughter who have custody of minor children. Plaintiff's status as a convicted sex offender is not sufficient in and of itself to warrant restraining his right to associate with his own family members without an individualized assessment of the need for the blanket prohibition. See Wolf Child, 699 F.3d at 1094 (emphasizing that the "need to avoid generalizing across all sex offenders 'is all the more important in cases such as this, where a particularly strong liberty interest is at stake.'"). Like in Wolf Child, "nothing in the commission of… an attempted sexual assault on a stranger, suggests that Wolf Child would violate a familial relationship or present a danger *to his own daughters*." 699 F.3d at 1099 (emphasis in original). Defendant's attempt to portray plaintiff as a threat to his family members is a stretch that this court is not willing to make in light of the evidence in the record. The only evidence which defendant submitted on this issue was a single sentence taken from the California Court of Appeal opinion affirming plaintiff's 2001 felony indecent exposure conviction. ECF No. 58-2. The direct appeal opinion referenced plaintiff's placement in the California Youth Authority for threatening to kill his mother if she did not give him money. See ECF No. 58-2 at 5. Defendant provides no further evidence or explanation as to how this juvenile offense supports the imposition of Special Condition Number 12, particularly as it was only added to plaintiff's parole terms in 2020. In light of the blanket prohibition of Special Condition Number 12 and its tenuous connection to plaintiff's twenty year old sex offense and even older juvenile history, the undersigned finds that plaintiff has met his burden of demonstrating a

likelihood of success on the merits.  See Wolf Child, 699 F.3d at 1090-91 (citing United States v. Soltero, 510 F.3d 858, 865-66 (9th Cir. 2007)).

        The second requirement for a TRO requires plaintiff to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief.  Winter, 555 U.S. at 22.  The undersigned finds that plaintiff has made specific factual averments under oath demonstrating the harm to his relationships with his daughter and stepdaughter both of whom have custody of minor children.  ECF No. 46 at 45.  Such restraint on his association with his family members will occur upon his release from incarceration on May 30, 2021.  Therefore, the undersigned finds that plaintiff has adequately demonstrated a likely harm that will occur in the absence of preliminary relief.

        Third, plaintiff must demonstrate that the balance of equities tips in his favor to justify the issuance of a TRO.  Winter, 555 U.S. at 22.  Plaintiff asserts that the balance of hardships tip heavily in his favor because a TRO will protect his fundamental constitutional rights.  ECF No. 46 at 51.  See also Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (noting that "[a]n alleged constitutional infringement will often alone constitute irreparable harm.").  The court agrees that in light of the fundamental right at issue, i.e. familial association, the undersigned finds that the balance of the equities tips in plaintiff's favor.  Defendant's concession that Special Condition Number 12 can be modified to allow plaintiff to associate with his family, is a tacit acknowledgement of this point.

        Lastly, plaintiff must establish that a preliminary injunction is in the public interest.  Winter, 555 U.S. at 22.  While public safety is certainly a prevailing concern as it relates to special parole conditions, the court does not find that there is adequate evidence in the record to conclude that Special Condition Number 12's blanket prohibition on social interactions with adults who have custody of minor children is required to achieve that purpose.  The new evidence submitted by defendant indicating that the victim in plaintiff's twenty year old sex offense was a minor does not support the blanket prohibition at issue for several reasons.  First, the victim was 17 years old at the time of the crime and, more importantly, no evidence was submitted indicating that plaintiff knew the victim's age or specifically targeted her household based on her age.

1 Absent such evidence, the undersigned concludes that preliminary injunctive relief is not contrary
2 to the public interest.

3 Therefore, plaintiff has sufficiently demonstrated all four of the factors required to be
4 entitled to preliminary injunctive relief. For these reasons, the undersigned recommends granting
5 plaintiff's motion for a temporary restraining order prohibiting enforcement of Special Condition
6 Number 12.

7 Special Condition Number 13 requires plaintiff to inform "all persons with whom you
8 have a significant relationship" about his prior criminal history. ECF No. 40-2 at 6. For this
9 special condition, plaintiff does not explain how he is likely to suffer irreparable harm in the
10 absence of preliminary relief. As far as the court can tell from the pleadings, this special
11 condition is not responsible for plaintiff's homelessness. Therefore, any irreparable harm is
12 entirely speculative in nature. The undersigned finds that plaintiff has failed to establish the
13 likelihood of irreparable harm required for a TRO. See Goldie's Bookstore, Inc. v. Superior
14 Court, 739 F.2d 466, 472 (9th Cir. 1984). Absent irreparable harm, a TRO is not warranted and
15 the court finds it unnecessary to address the remaining factors. Plaintiff's motion for a TRO for
16 Special Condition Number 13 should be denied.

17 **2. Association (Special Condition No. 17)**

18 Special Condition Number 17 prohibits plaintiff from "associat[ing] with any known sex
19 offenders, except as previously approved or instructed by your parole agent." ECF No. 40-2 at 7.
20 According to plaintiff's former parole officer, this "standard condition" is mandated by California
21 Penal Code § 3003.5(a) and is not "an absolute prohibition." See ECF No. 40-1 at 5-6. The
22 special condition requires prior approval from plaintiff's parole officer. Id. While plaintiff
23 attempts to demonstrate an irreparable injury based on a prior occasion in which he requested
24 advance permission to stay the night with another individual who was a convicted sex offender,
25 the affidavit from the former parole officer indicates that although prior approval was denied by
26 the Unit Supervisor, it did not lead to any parole violation even though "[p]laintiff's GPS tracker
27 revealed that [p]laintiff had stayed with this individual without… permission." ECF No. 40-1 at
28 6. Therefore, the court finds that plaintiff has not met his burden of demonstrating irreparable

12

harm in the absence of injunctive relief. For this reason, the undersigned recommends denying plaintiff's TRO motion concerning Special Condition Number 13.

### 3. Travel (Special Condition Nos. 19-22)

In his reply, plaintiff concedes that he is not aware of any irreparable harm caused by special condition number 19 restricting his travel to no more than 50 miles from his residence. ECF No. 46 at 87.

Plaintiff's former parole agent states that the prohibition against hitchhiking "serves to deter future criminality because Plaintiff does not have the ability to interact with strangers who he could potentially victimize." ECF No. 40-1 at 6. Because all of plaintiff's victims were adult strangers, this special condition has a direct nexus to plaintiff's criminal history.

Special Condition Number 22 which requires plaintiff to provide advance notification of "the year, make, model, color, and license number" of any motor vehicle that he has access to is meant to "ensure[] that Plaintiff can be located, especially in the event that his GPS tracker goes dead-which Plaintiff allowed it to do no less than three times…." ECF No. 40-1 at 6.

The undersigned finds that plaintiff's vague allegations related to the special conditions involving travel do not support a finding of irreparable future harm. See Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984) (emphasizing that "[s]peculative injury does not constitute irreparable injury."). Therefore, the standard for issuing a TRO has not been met and the undersigned recommends denying the motion with respect to Special Condition Nos. 19-22.

### 4. Employment (Special Condition No. 23)

The court finds that plaintiff has not met his burden of demonstrating an irreparable injury that will occur in the absence of a TRO for the special condition that requires any employment to be pre-approved by his parole officer. Plaintiff's speculation that such an injury is likely to occur is not legally sufficient. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)). This is especially true in light of the fact that plaintiff has not been

employed in the HVAC field since 2000. In fact, according to plaintiff's former parole agent, he never showed evidence that "he had even applied for a job." See ECF No. 40-1 at 7. Plaintiff's allegations of injury are too speculative to warrant injunctive relief and the undersigned recommends denying the TRO motion for Special Condition No. 23.

### 5. Residence (Special Condition Nos. 24, 27, 28, 30)

To the extent that plaintiff challenges Special Condition No. 24, his own pleading indicates that it does not prevent his residency at a Christian ministry program. ECF No. 46 at 47. Rather, he was unable to reside there because the single slot for a convicted sex offender was already taken. Id. Therefore, the court does not find that the parole condition was responsible for plaintiff's lack of placement in the residential program. The availability of this residential option was limited by the program's bed space. With respect to the specific curfew hours, plaintiff's former parole agent attests that this special condition has not prevented other parolees from making money by collecting recycling during the day or during non-business hours. See ECF No. 40-1 at 8. Based on this evidence, plaintiff has failed to demonstrate any irreparable harm that will occur in the absence of injunctive relief. Accordingly, the undersigned recommends denying the TRO motion with respect to the conditions of plaintiff's residence.

### 6. Possessions (Special Condition Nos. 31, 32, 35, 36)

Neither plaintiff's motion nor his reply makes any specific argument related to the special conditions concerning his personal possessions. See ECF No. 10 at 15 (arguing that these special conditions deprive him of "his fundamental right to possessions."); see also ECF No. 40-2 at 7 (Special Condition Nos. 31-32, 35-36). That is not legally sufficient to meet plaintiff's burden of demonstrating the need for a TRO. Therefore, the court recommends denying the motion regarding the special conditions related to plaintiff's possessions as he makes no particularized showing that he is likely to suffer irreparable harm in the absence of preliminary relief. Accordingly, a TRO is not warranted.

### 7. Computer Use and Electronic Media (Special Condition Nos. 57-58)

The only two special conditions related to computer use which are not moot relate to the search of plaintiff's electronic devices. ECF No. 40-2 at 8-9. Plaintiff's argument with respect to

these conditions is merely that they allow defendant to go "on a proverbial fishing trip" looking for possible parole violations. ECF No. 46 at 84.

In light of Supreme Court case law upholding California's state statute requiring all parolees to agree in writing to the suspicionless search of their persons, it is hard for the court to envision plaintiff prevailing on the merits of his challenge to the suspicionless search of his electronic devices while on state parole. See Samson v. California, 547 U.S. 843, 850 (2006) (rejecting Fourth Amendment challenge to California Penal Code § 3067(a) and emphasizing that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment."). Because plaintiff has not met his burden of demonstrating the likelihood of success on the merits, the undersigned recommends denying the TRO motion challenging Special Condition Numbers 57-58.

**8. Other (Special Condition Nos. 59, 62, 63)**

The undersigned recommends denying plaintiff's motion regarding the other special conditions because he has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Accordingly, a TRO is not warranted.

**VII.   Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed all of the special conditions of your parole that are currently in effect based on the September 23, 2020 parole terms and the further agreement by defendant to remove Special Condition Numbers 55 and 56. The undersigned recommends that the TRO be granted only as it concerns Special Condition Number 12 that prohibits you from "dat[ing], socializ[ing], or form[ing] a romantic interest or sexual relationship with any person you know or reasonably should know has physical custody of a minor." Based on the court's analysis, the TRO motion should be denied with respect to all other special conditions.

If you do not agree with this recommendation, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will then review the record

15

and make the final determination on your TRO motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this case is hereby lifted.

2. The Findings and Recommendations issued on May 21, 2021 are hereby vacated.

3. All provisions of the court's order of the same date remain in effect.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 10) be granted in part and denied in part as explained herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hols1076.tro+motions.docx

16