UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON, | No.  2:20-cv-01076-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| G. VIERA ROSA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state parolee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint challenging 36 special conditions of his parole imposed on December 19, 2019 by defendant Rosa.  Currently pending before the court are cross-motions for summary judgment which have been fully briefed by the parties.  ECF Nos. 67, 83, 86, 101, 103, 108.  For the reasons explained in further detail below, the undersigned recommends granting defendant's motion for summary judgment and denying plaintiff's cross motion for summary judgment as moot.

I. **Ancillary Motions**

Before the court can address the pending dispositive motions, the court must first resolve the myriad of ancillary motions filed by plaintiff.  First, plaintiff filed a motion to withdraw all pending motions except his summary judgment motion.  ECF No. 96.  However, at the time that

1

this pleading was filed, plaintiff did not have any other pending motions. Therefore, the motion is denied as moot.

Plaintiff's motion to shorten time to respond to defendant's summary judgment motion, ECF No. 97, is also denied as moot as the motion has now been fully briefed.

On June 13, 2022, plaintiff filed a pleading labeled as a "motion to accept plaintiff's reasonable notice to add conditions of parole." ECF No. 99. In the motion, plaintiff seeks to amend his complaint to challenge the conditions of parole that were signed on July 12, 2021. Implicitly acknowledging that the deadline to file any amended complaint expired on November 8, 2021, plaintiff relies upon Rule 15(d) of the Federal Rules of Civil Procedure to assert that he should be allowed to supplement his amended complaint by adding these new claims. See ECF No. 68 (setting deadline for the filing of an amended complaint).

Defendant opposed this motion as part of his reply to plaintiff's opposition to defendant's summary judgment. ECF No. 101. Defendant points out that " the proper procedure for Holston to assert new claims is to request leave to amend his first amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure." ECF No. 101 at 2 (citation omitted). However, plaintiff failed to follow this procedure to challenge the July 12, 2021 special conditions even though this court allowed him to file a formal motion to amend along with a proposed amended complaint within 30 days from October 8, 2021. ECF No. 101. Plaintiff ignored the court's deadline and his untimely motion for leave to amend at this late juncture should be denied according to the defendant. ECF No. 101.

Plaintiff's motion to add new conditions of parole is construed as a motion for leave to amend his complaint. So construed, the motion is denied as untimely filed and for lack of good cause shown. Plaintiff offers no explanation, much less good cause, for his failure to seek leave to amend well beyond the court imposed deadline to amend. Plaintiff's reliance on Rule 15(d) of the Federal Rules of Civil Procedure to justify his untimeliness is not sufficient to support an end-run around the court's deadline.

/////

## II.   Allegations in Plaintiff's First Amended Complaint[1]

Plaintiff filed this civil rights action against his state parole officer alleging a Fourteenth Amendment substantive due process and a First Amendment free speech violation based on the unreasonable imposition of 36 separate special conditions of parole on December 19, 2019. ECF No. 7 at 3. The broad categories of special conditions that plaintiff challenges relate to: 1) plaintiff's contact with minors;[2] 2) his relationships;[3] 3) his association with other known sex offenders;[4] 3) his travel;[5] 4) his employment;[6] 5) his residence;[7] 6) plaintiff's possessions;[8] 7) a state transient requirement;[9] 8) plaintiff's use of computers and electronic media;[10] and, 9) other general restrictions.[11] Plaintiff alleges that these special conditions constitute arbitrary and oppressive state action that do not have a nexus to his twenty year old sex crimes or his other criminal history. ECF No. 7 at 7-10. In the amended complaint, plaintiff acknowledges that he has been convicted of three criminal offenses for which he is required to register as a sex offender based on California Penal Code § 290. ECF No. 7 at 4. Plaintiff submits that none of the special conditions of parole being challenged are narrowly tailored to deter his specific criminal conduct and that they are unconnected to his prior crimes. ECF No. 7 at 10-11. By way of relief, plaintiff seeks injunctive relief to prevent defendant from enforcing these special conditions.[12]

## III.   Motions for Summary Judgment

The first summary judgment motion in this case was filed by plaintiff on October 2, 2021. ECF No. 67. In this motion, plaintiff moves for summary judgment in his favor on the basis of

---

[1] Plaintiff's original complaint was returned to him pursuant to order dated June 4, 2020. ECF No. 2.
[2] See Special Condition of Parole Number 19. ECF No. 7 at 19.
[3] See Special Condition of Parole Number 22. ECF No. 7 at 19-20.
[4] See Special Conditions of Parole Number 28. ECF No. 7 at 20.
[5] See Special Conditions of Parole Numbers 32-34. ECF No. 7 at 20.
[6] See Special Conditions of Parole Numbers 35-37. ECF No. 7 at 20.
[7] See Special Conditions of Parole Numbers 43-44. ECF No. 7 at 20.
[8] See Special Conditions of Parole Numbers 46-49, 52-55. ECF No. 7 at 20-21.
[9] See Special Conditions of Parole Number 77. ECF No. 7 at 21.
[10] See Special Conditions of Parole Numbers 83-92. ECF No. 7 at 21-22.
[11] See Special Conditions of Parole Numbers 93-95, 101, 103-104. ECF No. 7 at 22.
[12] This court's screening order dated September 21, 2020 found plaintiff's claims for monetary damages against plaintiff barred by absolute immunity. ECF No. 15 at 4-5.

1  entirely new special conditions of parole that were imposed on July 12, 2021. See ECF No. 67 at
2  4-9. In light of this court's ruling denying plaintiff leave to amend his complaint to challenge the
3  2021 special conditions of parole, it is recommended that plaintiff's motion for summary
4  judgment be denied as moot.[13]
5         On April 1, 2022, defendant filed a motion for summary judgment. ECF No. 83.
6  Defendant first argues that many of the challenged special parole conditions are no longer in
7  effect and, as a result, there is no justiciable issue for the court to adjudicate. ECF No. 83 at 14.
8  For a similar reason, defendant submits that relief is not available for the special conditions of
9  parole numbers 19,[14] 28,[15] and 77[16] that are required as a matter of state law. ECF No. 83 at 15.
10 As to the remaining special conditions, defendant contends that there is no genuine issue of
11 material dispute that these have a nexus to plaintiff's criminal history and are necessary to deter
12 his future criminality. ECF No. 83 at 15-23. Accordingly, summary judgment is warranted in
13 favor of defendant.
14        In his consolidated opposition to defendant's summary judgment motion[17], plaintiff

---

[13] In the interests of judicial economy and based on the court's recommendation, it is unnecessary to discuss defendant's opposition to plaintiff's motion for summary judgment or plaintiff's reply thereto.

[14] California Penal Code § 626.81(a) prohibits a registered sex offender from coming "into any school building or upon any school ground without lawful business thereon and written permission indicating the date or dates and times for which permission has been granted from the chief administrative official of that school." Violation of this statute is punishable as a misdemeanor.

[15] California Penal Code § 3003.5(a) prohibits sex offenders who are required to register from living together in a single family dwelling unless "those persons are legally related by blood, marriage, or adoption." There is no statutory prohibition on sex offenders from "associating" with one another unless previously approved by a parole agent. See ECF No. 7 at 20 (Special Condition of Parole Number 28)

[16] California Penal Code § 290.011 requires all transients who have no residence to register and comply with all transient registration requirements. The criminal penalties for failing to comply with the transient registration requirements are outlined in California Penal Code § 290.018.

[17] This 167 page pleading actually consists of a separate request to consolidate his multiple pleadings; an appendix of material facts not in dispute; an appendix in response to defendant's statement of undisputed facts; an exhibit containing his 2021 parole conditions; an appendix concerning his 2021 parole conditions; an "offer of indisputable proof," two separate declarations signed under penalty of perjury by plaintiff; a memorandum of points and authorities in support of his motion for summary judgment; and a supplemental memorandum of points and authorities.

focuses on the new special conditions of parole that were imposed on July 12, 2021. See ECF No. 98-1 at 9-28. Plaintiff also relies on portions of this court's Findings and Recommendations issued on May 21, 2021 which were vacated after plaintiff withdrew his motion for a temporary restraining order and are no longer the law of this case. ECF No. 98-1 at 26-28. Plaintiff concedes that he did use an alias in the course of one of his prior convictions, albeit in 1987. ECF No. 98-1 at 40. Furthermore, "plaintiff agrees that he may not seek injunctive relief from inoperative special conditions of parole, except where conditions have been renumbered…." ECF No. 98-1 at 42. Additionally, plaintiff agrees that special parole conditions No. 19 and 77 are required by state statute and he no longer seeks injunctive relief from them. ECF No. 98-1 at 42-43.

### IV. Mootness

At the outset, the court finds it necessary to narrow the issues because the parties have vastly different views on which special conditions of parole are before the court on summary judgment.

The federal court is a court of limited jurisdiction and may only resolve actual "cases" and "controversies." U.S. Const. art. III, § 2. "The absence of either denies a federal court the power to hear a matter otherwise before it." Rivera v. Freeman, 469 F.2d 1159, 1163 (9th Cir. 1972). The court is not in the business of issuing advisory opinions on matters that are not currently in dispute, but could become issues in the future only if certain conditions change. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (emphasizing that the role of courts "is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

The undersigned finds that plaintiff's challenges to the 2019 non-operative special parole conditions are not in controversy at this time and are, therefore, not justiciable. These include special conditions of parole numbers 36, 47, 48, 53, 83-89, 91-94, and 104. Regarding the special conditions that are redundant to the registration requirements of California Penal Code § 290.011 and § 626.81(a), the undersigned finds that these additional conditions of parole are moot. Even

if the court were to grant plaintiff his requested relief of striking these conditions from his parole, he would still be required to comply with them as a matter of state law.[18] The undersigned rejects respondent's argument that Special Condition Number 28 is also moot because it is not coterminous with California Penal Code § 3003.5(a) which only prohibits sex offenders from residing with one another unless related by blood, marriage, or adoption. Special condition of parole number 28 prohibits plaintiff from associating with any known sex offenders except as previously approved or instructed…" by his parole agent. ECF No. 7 at 20. Therefore, the undersigned finds that plaintiff's challenge to the special conditions numbers 19 and 77 are rendered moot based upon the state's existing statutory requirements, but not special condition number 28.

For these reasons, the undersigned recommends granting defendant's motion for summary judgment as to special conditions numbers 19, 36, 47, 48, 53, 77, 83-89, 91-94, and 104 on the ground of mootness.

**V.     Legal Standards**

    **A. Summary Judgment Standards Under Rule 56**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See

---

[18] This case is not proceeding on any facial or as-applied constitutional challenge to California's statutory scheme requiring sex offenders to register. See ECF No. 15. Plaintiff did not raise any such claims in his first amended complaint.

6

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

(9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### B.  Substantive Due Process

With respect to demonstrating success on the merits of his underlying substantive due process challenge to the special conditions of his parole as being arbitrary and oppressive official action, plaintiff must demonstrate that a government officer abused his or her power or employed it "as an instrument of oppression." See Collins v. City of Harker Heights, 503 U.S. 115, 126 (1992) (quoting DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196 (1989). "[T]his guarantee of [substantive] due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 331 (1986) (emphasis in original) (citations omitted).  Plaintiff specifically ties his due process claim to provisions of state law that require special conditions of parole regulating conduct that is not criminal to be reasonably related to the crime for which he was convicted or to deter his future criminality.  See ECF No. 7 at 10-11 (complaint) (citing People v. Lent, 15 Cal.3d 481, 486 (1975), superseded on other grounds as explained in People v. Moran, 1 Cal.5th 398 (2016)).  "A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid." People v. Dominguez, 256 Cal.App.2d 623, 627 (1967) (invalidating a condition of probation that prohibited a woman from becoming pregnant without being married).  Importantly, "[i]f available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used...." People v. Smith, 152 Cal.App.4th 1245, 1250-51 (2007) (quoting In re White, 97 Cal.App.3d 141, 147 (1979) (finding "a blanket prohibition against being in a designated area of Fresno 'anytime, day or night'" to be overly broad and unreasonable).

### VI. Undisputed Material Facts[19]

Although plaintiff disputes the exact start date of his criminal history, it remains undisputed that it spans decades. See ECF No. 107 at Nos. 2, 9-13 (sealed) (Defendant's Statement of Undisputed Facts).[20] Plaintiff is required to register as a convicted sex offender pursuant to California Penal Code § 290 based upon prior criminal convictions that he sustained in 1986, 1989, and 2001. ECF No. 98-1 at Nos. 1-4. (Plaintiff's Statement of Undisputed Material Facts), Defendant's Statement of Undisputed Facts ("DSUF") at No. 7. The victim involved in plaintiff's 2001 conviction was a 17 year old female. ECF No. 98-1 at No. 4. All of the victims in these three sex offenses were strangers to plaintiff. DSUF at No. 4 (sealed). Based on a 1997 conviction, plaintiff is also required to register as an arson offender pursuant to California Penal Code § 457.1. DSUF at No. 11. Plaintiff's criminal history includes the use of aliases. DSUF at No. 8.

Plaintiff was released on parole from Avenal State Prison on October 31, 2019 with instructions to report to the Sierra GPS Parole Office by noon on November 1, 2019. DSUF at No. 14. He failed to report, so on November 2, 2019, plaintiff's arrest was requested by parole authorities. DSUF at No. 14(a). Plaintiff was arrested on November 5, 2019 and taken to the El Dorado County Jail. DSUF at No. 14(b). Upon his release from custody on December 19, 2019, plaintiff met with his parole agent and reviewed his special conditions of parole and signed the form containing the conditions. DSUF at No. 15. These special conditions of parole include the following:

**Relationships:**

22. "You shall inform all persons with whom you have a significant relationship; e.g., employer, dating, or roommate, about your criminal history, and you will inform your parole agent about the relationship.

/////

---

[19] All facts are undisputed by the parties unless otherwise noted.

[20] The court has not considered any criminal charges not leading to conviction as defendant has not presented any evidence that a parole agent may rely on this type of information in selecting special conditions of parole. See ECF No. 107-1 at ¶ 27 (Declaration of M. Cruz) (sealed).

**Association:**

28. You shall not associate with any known sex offenders except as previously approved or instructed by your parole agent.

**Travel:**

32. You shall not hitchhike or pick up hitchhikers.

33. You shall not enter or loiter within 100 yards of areas of sexual or pornographic activity; e.g., adult bookstores, massage parlors, nude or topless bars, sex shops, etc.

34. You shall notify your parole agent in advance of operating any motor vehicle, giving the make, model, year, color, and license number.

**Employment:**

35. Employment shall be pre-approved by your parole agent.

37. Volunteer work shall be preapproved by your parole agent.

**Residence:**

43. You shall be in your approved residence from 12 a.m. to 4 a.m.

44. You shall not establish a residence that has not been preapproved by your parole agent.

**Possessions:**

46. You shall not possess, or have access to any sexually oriented or sexually stimulating objects and/or devices.

49. You shall not possess or have access to sexually oriented devices, handcuffs, handcuff keys, restraint equipment, or any other items that could be used for bondage, restraint, control, or confinement.

52. You shall not use or possess law enforcement identification, insignia, badges, uniforms, or other items identified with law enforcement.

54. You shall not use, possess, or have access to police radio scanners, or other telecommunications device(s) which monitor police radio transmission.

55. You shall not wear, possess, purchase, or have access to costumes, masks, or other identity-concealing items.

**Computer Use and Electronic Media:**

90.  You shall consent to announced or unannounced examination and/or search of electronic devices to which you have access for the limited purpose of detecting content prohibited by your conditions of parole or court order; e.g., hard disks, DVDs, CDs, zip disks, floppy disks, thumb drives, and/or any other storage media whether installed within a device or removable and separate from the actual computer device.

**Other:**

95.  You shall not use any fictitious names or change your name in an attempt to conceal your true identity or establish another identity.

101.  You shall contact your parole agent with 24 hours of any type of law enforcement contact; e.g., traffic stop, identification check, suspect, witness, etc.

103.  You shall observe a 5 p.m. to 5 a.m. curfew on Halloween and remain within your approved residence.

In selecting and imposing special conditions of parole, there must be a nexus between the parole condition and the parolee's criminal history or the risk of future criminality.  DSUF at No. 22.  According to defendant, these special conditions of parole were selected on the basis of plaintiff's entire criminal history as well as his behavior while incarcerated and his prior performance on parole.  ECF No. 107-1 at ¶ 27.  More specifically, defendant indicates that special condition numbers 22, 28, 32, 33, 35, 37, 43, 44, 49, and 103 were imposed based on plaintiff's criminal history which includes prior sex crimes, including one involving a minor victim.  ECF No. 107-1 at ¶ 29.  According to defendant, special condition number 34 was imposed based on plaintiff's criminal history and prior sex offenses, one of which included the use of a vehicle.  ECF No. 107-1 at ¶ 30.  Special condition numbers 52, 54, 55, and 95 were imposed, according to the defendant, based on plaintiff's criminal history that includes a prior attempt to conceal his identity through the use of an alias.  ECF No. 107-1 at ¶ 31.  Plaintiff concedes that one of his prior convictions included the use of a fictitious name.  ECF No. 98-1 at 101.  Defendant further indicates that special condition number 90 was imposed on the basis of plaintiff's criminal history, including sex offenses, and allows law enforcement and parole

officers to monitor plaintiff's compliance with all of his parole conditions. ECF No. 107-1 at ¶ 33. Lastly, special condition number 101 was imposed as a standard parole condition in order to allow plaintiff's parole agent to determine whether he is complying with his conditions of parole or whether any further action such as parole revocation is appropriate. ECF No. 107-1 at ¶ 34.

### VII. Disputed Facts[21]

In an attempt to create a genuine issue of material dispute, plaintiff submitted two separate declarations signed under penalty of perjury. ECF Nos. 98-1 at 78-112. However, the majority of these declarations concern the 2021 special conditions of parole that are not at issue in the present case or concern events and disputes with his current parole agent based on the conditions imposed in 2021. Id. Therefore, the court does not deem these facts material to resolving the present case and does not include them herein.

To the extent that plaintiff seeks to collaterally attack any of his prior convictions based on the information contained in his sworn declarations, the court emphasizes that the present Section 1983 action is not the proper procedural vehicle for challenging the fact of his prior state convictions. See 28 U.S.C. § 2254. Absent evidence that plaintiff's prior criminal convictions have been overturned or vacated, the court does not deem any of his prior convictions in dispute.

According to plaintiff, he is an EPA-certified residential HVAC technician, but his parole agent denied him permission to work in that field because it would require entering the homes of strangers. ECF No. 98-1 at 79, 96, see also ECF No. 7 at 20 (Special condition of parole number 35 requiring plaintiff to obtain pre-approval for any employment). According to defendant, plaintiff has not shown any of his assigned parole agents that he has even applied for a job. DSUF at No. 24. With respect to his criminal history, plaintiff denies knowing the age of the victim in his 2001 sex offense and denies that any of his prior convictions occurred at an ice

---

[21] While plaintiff acknowledges in his first amended complaint that he is not challenging any of his special parole conditions related to his GPS monitor because they would be Heck barred, the majority of plaintiff's complaints with his parole are based on his difficulties in charging his GPS monitor because he is homeless. See ECF Nos. 7 (first amended complaint); 15 at 2 (screening order discussing Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Plaintiff has spent an inordinate number of his pleadings discussing the GPS requirements even though they are not at issue in this proceeding.

cream parlor or any location where children are known to congregate. ECF No. 98-1 at 82, 85.

## VIII. Analysis

The undersigned finds that defendant has met his initial burden of informing the court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to plaintiff to establish the existence of a genuine issue of material fact with respect to his substantive due process claims.[22] See Matsushita Elec. Indus., 475 U.S. at 586 (1986). The court has reviewed plaintiff's verified amended complaint and his opposition to defendant's pending motion. Drawing all reasonable inferences from the evidence submitted in plaintiff's favor, the court concludes that plaintiff has not submitted sufficient evidence at the summary judgment stage to create a genuine issue of material fact with respect to his challenges to his special conditions of parole. While plaintiff argues that his general criminal history is not at issue in the present case and cannot be used to support imposition of any of the special conditions of parole, the court points out that plaintiff was placed on parole beginning in 2019 for a non-sex offense. Therefore, the court finds that all of plaintiff's prior criminal convictions are material to resolving plaintiff's claims.[23] This finding largely eviscerates the majority of plaintiff's arguments challenging the nexus between his special parole conditions and his prior criminal history. However, for the sake of clarity, the court will make additional findings with respect to each challenged special parole condition.

In light of plaintiff's undisputed criminal history that spans two decades, the undersigned finds that defendant has established a sufficient nexus to imposing special parole condition numbers 32 (prohibiting hitchhiking with strangers); 34 (requiring plaintiff to provide motor vehicle information) and 103 (requiring a curfew on Halloween). The court specifically notes that plaintiff previously failed to report to parole after being released from prison on Halloween. Therefore, the nexus to special condition of parole number 103 is not in genuine dispute. The

---

[22] The court has already found that special condition of parole number 84 is moot. Therefore, plaintiff's First Amendment free speech claim based on this condition is also moot.
[23] Plaintiff's prior convictions are hereinafter referred to as his "prior criminal history."

13

court further finds no genuine issue of material dispute concerning the imposition of special condition numbers 22 (requiring disclosure of plaintiff's criminal history to anyone with whom he has a significant relationship), 35 (requiring pre-approval for employment), 37 (requiring pre-approval for volunteer work), 44 (requiring pre-approval of plaintiff's residence), 95 (concerning the use of fictitious names), 52 (prohibiting possession of law enforcement identification), and 55 (prohibiting the use of masks or other identity-concealing items) based on the specific nexus to plaintiff's criminal history that includes victimizing strangers and using aliases and other people's identity to escape detection or prosecution. Similarly, special condition of parole number 43 (imposing a nightly curfew from 12 a.m. to 4 a.m.) is necessary to deter plaintiff's future criminality based on his past efforts to avoid detection or punishment for his crimes which has included a conviction for failing to appear in court. Plaintiff's multiple criminal convictions for obstructing/resisting arrest, including as recently as 2019, demonstrate that he is less than cooperative with law enforcement. See ECF No. 107-2 at 5-6 (sealed). Moreover, the court specifically notes that plaintiff's parole has been violated over 20 times based on his non-compliance.[24] See ECF No. 107-2 at 6-9 (sealed). Based on these undisputed material facts, the undersigned finds that special condition numbers 90 (requiring plaintiff to consent to the search of any electronic device), 54 (prohibiting the possession of police scanners), and 101 (requiring plaintiff to report any law enforcement contact to his parole agent) have a specific nexus to plaintiff's criminal history and are necessary to deter his future criminality.

Special condition of parole numbers 33 (prohibiting plaintiff from loitering in areas where he might be sexually stimulated, e.g. adult bookstore, massage parlors, etc.) and 46 (prohibiting sexually stimulating objects) have a nexus to plaintiff's prior offenses for indecent exposure and are also necessary to deter his future criminality as demonstrated by the undisputed material facts in this case. While plaintiff relies solely on the amount of time that has transpired since his last sex offense to challenge these parole conditions, the court does not find that argument persuasive in light of his multiple convictions for indecent exposure that occurred 15 years apart. This

---

[24] This does not include any violations for failing to comply with the 2019 parole conditions at issue in the present case.

evidence not only demonstrates plaintiff's repetitive proclivities to act out on his sexual desires, but also to do so while in public. Further, the undisputed material facts demonstrate a nexus between plaintiff's sexual battery conviction and special condition of parole number 49 (prohibiting the use of bondage and restraint devices). While plaintiff argues about other details of his sexual battery conviction, he does not dispute that he grabbed the victim and restrained her. Therefore, these undisputed material facts demonstrate that this condition is necessary to prevent plaintiff's future criminality.

While the parties agree that California Penal Code § 3003.5(a) prohibits sex offenders from residing with one another unless related by blood, marriage, or adoption, special condition of parole number 28 prohibits plaintiff from associating with any known sex offender unless previously approved by his parole agent. To the extent that parole condition number 28 is more expansive than the state statute, there is no genuine dispute that requiring pre-approval before plaintiff associates with known sex offenders in the community serves to deter his future criminality. Plaintiff does not submit any evidence demonstrating a need to associate with other convicted sex offenders in the community. In the absence of such evidence, there is no genuine issue in dispute concerning special parole condition number 28.

In this case, the record evidence taken as a whole could not lead a rational trier of fact to find that plaintiff's right to substantive due process was violated by the imposition of special parole condition numbers 22, 28, 32, 33, 34, 35, 37, 43, 44, 46, 49, 52, 54, 55, 90, 95, 101, 103. For all these reasons, the undersigned recommends granting defendant's motion for summary judgment.

**IX.   Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motions for summary judgment, as well as the evidence submitted by the parties, and has concluded that the facts of your case are not sufficiently in dispute to warrant a trial. You have fourteen days to explain to the court why this is not the correct outcome in your case. If you choose to do this you should label your

explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw all pending motions (ECF No. 96) is denied as moot.
2. Plaintiff's motion to shorten time (ECF No. 97) is also denied as moot.
3. Plaintiff's motion to accept notice to add conditions of parole (ECF No. 99) is liberally construed as a motion for leave to amend his complaint. So construed, the motion is denied for the reasons indicated herein.
4. Plaintiff's opposition to defendant's summary judgment motion (ECF No. 103) entered on the docket on June 29, 2022 is stricken as redundant to plaintiff's motion to consolidate entered on the docket on June 17, 2022 (ECF No. 98).
5. Plaintiff's pleadings filed after service of the court's June 29, 2022 admonition regarding repetitive and duplicative filings (ECF Nos. 109, 110) are stricken from the docket as being filed in violation of a court order.
6. All other requests made by plaintiff that are not specifically addressed herein for the sake of judicial economy (ECF No. 100), are denied as moot based on the court's recommendation.
7. In light of the limitation on plaintiff's filings imposed by order dated June 29, 2022, **plaintiff is permitted to file one set of Objections to the Findings and Recommendations limited to no more than 25 pages in length.** Plaintiff is once against cautioned that any addendum, supplement, or multiple sets of objections will be stricken from the docket as being filed in violation of this order.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 67) be denied as moot based on the court's denial of plaintiff's motion to amend his complaint.
2. Defendant's motion for summary judgment (ECF No. 83) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. **No extensions of these deadlines will be granted to either party.** The parties are further advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hols1076.CrossMsj.CJRA.docx