UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>   Plaintiff,<br><br>   v.<br><br>G. VIERA ROSA,<br><br>   Defendant. | No. 2:20-cv-1076 KJM CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 11, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. F&R., ECF No. 116. Plaintiff has filed objections to the findings and recommendations. Obj., ECF No. 117.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. This court addresses plaintiff's objections here.

/////

1

1  Plaintiff objects saying this court should set aside the findings and recommendations and
2  allow plaintiff to file an amended complaint because plaintiff, a pro se litigant, misunderstood
3  proper filing procedures.  Obj. at 2–4.  While courts liberally construe findings by pro se litigants,
4  these litigants are still "bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th
5  Cir. 1995); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

6  Plaintiff's complaint challenges parole conditions enacted in December 2019.  F&R at 4;
7  Compl., ECF No. 7.  In July 2021, new parole conditions were imposed on plaintiff, many of
8  which replaced or voided previous conditions.  F&R at 2.  In September 2021, plaintiff alerted the
9  magistrate judge to the relevance of the updated conditions.  Mot. to Withdraw, ECF No. 66.  The
10 magistrate judge informed plaintiff he must file a formal second amended complaint within thirty
11 days to properly challenge the updated conditions.  ECF No. 68.  Plaintiff disregarded these
12 instructions and instead filed a motion to accept "reasonable notice to add conditions" almost
13 eight months after the magistrate judge provided him time to amend the complaint.  *See* Mot. to
14 Add, ECF No. 99.

15 Plaintiff argues he did not understand the necessary procedures to file an amended
16 complaint and misunderstood the magistrate judge's instructions to relate to "sex offender
17 treatment conditions" and not his new July 2021 parole conditions as a whole.  Obj. at 2–4.  But
18 when instructing plaintiff to file an amended complaint, the magistrate judge responded
19 specifically to plaintiff's request to "proceed on another amended set of parole conditions"
20 because "submit[ting] amended complaints would be tiresome and a waste of time."  Mot. to
21 Withdraw at 1.  The magistrate judge's recommendation denying plaintiff leave to amend was not
22 in error.  F&R at 2.

23 Fundamentally, plaintiff opposes five of the new July 2021 parole conditions: number 7
24 (ordering plaintiff to participate in a sex offender treatment program); numbers 8 and 10 (barring
25 contact with minors and loitering in places serving minors); number 23 (requiring pre-
26 approval of employment); and number 27 (instating a curfew).  Obj. at 5; Pl. Mot. for SJ at
27 5–6, ECF No. 67.  Plaintiff argues these conditions "are arbitrary and oppressive" because they
28 are predicated on 20-year-old convictions.  Obj. at 2.  As discussed above, these conditions were

imposed in July 2021, and are not part of the complaint. Additionally, the findings and recommendations explain why plaintiff's criminal history is relevant to the July 2021 parole conditions in question. F&R at 12–15.

The court notes plaintiff's request to reinstate the use of a pseudonym, which was revoked by the magistrate judge, ECF No. 51, after plaintiff himself disclosed his real name in public filings. Given the magistrate judge's prior reasoned decision, plaintiff's mere request is insufficient for the court to grant this request.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 11, 2022, are adopted in full.

2. Plaintiff's motion for summary judgment (ECF No. 67) is denied as moot based on the court's denial of plaintiff's motion to amend his complaint.

3. Defendant's motion for summary judgment (ECF No. 83) is granted.

4. The Clerk of Court is directed to close this case.

DATED: December 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE